EDWARD C. JACKSON, PLAINTIFF IN ERROR, v. THE COUNTY OF WASHINGTON, DEFENDANT IN ERROR.

County Clerk: HIS COMPENSATION FOR PREPARING TAX-LIST AND DUPLICATE. Under sec. 3 of the act of February 9, 1877, session laws, page 44, the compensation of a county clerk for completing the tax-list and duplicate thereof is fixed at four cents for each separate tract or lot of land properly entered therein for taxation.

ERROR to the district court for Washington county. Tried below before SAVAGE, J.

*Edward C. Jackson*, pro se, distinguishing this case from *Lamb v. Stanton County*, 8 Neb., 279, said that in that case Lamb filed his bill for four cents each for every extension of personalty, every description of

lands and lots, footings, and recapitulations, upon both books, which was erroneous, as the law provides only for the number of descriptions of lands and lots. Now there is no question but that the compensation for making out the tax-list and the duplicate thereof is to be determined by the number of descriptions upon such books—not the extensions of tax, nor the things described, but the descriptions themselves. Wherefore, if a person is to receive four cents each for every description he writes, why, if he write two descriptions of the same thing, it's the descriptions that are counted—not the thing described. The point is, then, where are the descriptions that are to be counted, and upon what book or books are they to be found? The law reads, "four cents each for *every* description of lands and lots, and extension thereof *upon* such *tax-list and duplicate*." As intimated in the case of *Lamb v. Stanton County*, the word "each" refers to the descriptions, and not to the tax-list and duplicate. Now, while it does refer to the description, does it not refer equally as well to the description in one book as the other? Each description—that is, the description in this book of a certain piece of land, and the description in the other book—four cents each for every description; not half of them, but every description.

*Davis & Gillis*, for defendant in error.

LAKE, J.

This case does not differ materially from that of *Lamb v. Stanton County*, 8 Neb., 279, wherein the statute by which the rights of the parties must be measured was construed by this court. Its language is: " The county clerk shall receive for making out *the tax-list and duplicate thereof* the sum of four cents each for every description of lots and lands, and extension

thereof upon such tax-list and duplicate, including footings and recapitulation."

In that case we held, substantially, that for completing the tax-list and duplicate thereof, as provided in the act of 1877, the county clerk is entitled to receive as full compensation "four times as many cents as there are city or village lots and separate descriptions of lands contained in the tax-list;" or, in other words, four cents for each separate tract or lot of land properly entered for taxation upon *both* the tax-list and duplicate.

Our construction of this provision of the statute was then given upon due consideration of the language employed to express the will of the legislature in its enactment, and we see no reason now for changing it. It seems that the board of county commissioners, in passing upon the plaintiff's claim, carefully observed our decision in that case; and the district court having sustained the action of the commissioners, its judgment must be affirmed.

JUDGMENT AFFIRMED.